IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OCTAVIO LUIS GONZALEZ,

    Defendant.

CR No. 01-60105-AA

ORDER

AIKEN, Judge:

Defendant, appearing pro se, moves to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. On May 13, 2004, the court imposed a 97-month term of imprisonment after defendant's guilty plea to one count of possession with intent to distribute methamphetamine.

Defendant argues that his sentence violated the Sixth Amendment right to counsel under Blakely v. Washington, 124 S. Ct.

1    - OPINION AND ORDER

2531 (2004) as extended to the United States Sentencing Guidelines in United States v. Booker, 125 S. Ct. 738 (2005). Defendant argues that he is entitled to a lesser sentence under the now "advisory" Sentencing Guidelines.

However, the Ninth Circuit has held that because the Supreme Court did not make Blakely retroactive, it is not applicable to cases on collateral review. Cook v. United States, 386 F.3d 949, 949-50 (9th Cir. 2004). Likewise, in Booker, the Supreme Court held that its holding applied to "all cases on direct review" but made no explicit statement of retroactivity to collateral cases. Booker, 125 S. Ct. at 769. No court has held that Booker is retroactive to cases beyond those on direct review; rather, courts have ruled consistently that Booker is not retroactive to cases that were rendered final before the Supreme Court's ruling was issued on January 12, 2005. See Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). Therefore, the relief sought by defendant is not available under Blakely or Booker.

Defendant also argues that he received ineffective assistance of counsel, because counsel failed to investigate the facts, research the case, or to object to the drug quantity before defendant's plea of guilty. However, defendant does not specify

how counsel's actions were deficient with respect to his guilty plea or sentencing or how such actions caused him prejudice. Given defendant's *pro se* status, the court will grant defendant the opportunity to amend his motion as to this ground for relief.

CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 150) is DENIED with respect to grounds one and two. Within thirty (30) days from the date of this order, defendant shall file an amended motion with respect to ground three, describing with specificity the facts supporting his allegation of ineffective assistance of counsel. **Failure to file an amended motion will result in the dismissal of the motion and of this action.**

IT IS SO ORDERED.

Dated this ___ day of June, 2005.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER